

# NUMBER 13-12-00505-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE CHAMPION INDUSTRIAL SALES, LLC, ET AL.

## On Petition for Writ of Mandamus.

## OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Opinion by Justice Vela[1]

On May 29, 2012, the Honorable Joseph J. Halbach Jr., Presiding Judge of the of the 333rd District Court of Harris County, Texas, sitting as an appointed judge presiding over a multidistrict proceeding involving silica-related personal injury and wrongful death cases, entered an order remanding the underlying wrongful death case to the County Court at Law No. 4 of Nueces County, Texas. Relators, Champion Industrial Sales, LLC, Texas Pipe & Supply, Bonney Forge Corporation, Capitol Manufacturing Company, AIV, LP, Carboline Company, Inweld Corporation,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Commercial Metals Company d/b/a Construction Service, The ESAB Group, Fein Power Tools, Inc., Gerdau Ameristeel US, Inc., Ipsco Koppel Tubulars, LLC, JM Supply Company, Inc., Oates Metal Deck and Building Products, Inc., Phoenix Forging Company, Serpa Fabrication, Inc., Titan Pipe & Supply, and Unibraze Corp., filed a petition for writ of mandamus on July 24, 2012, contending that the trial court erred in remanding the case. We deny the petition for writ of mandamus.

## I. BACKGROUND

Brandie Trevino-Garcia, individually and on behalf of the estate of Richard Garcia, filed a negligence and gross negligence suit against Bay, Ltd., and Berry Contracting, L.P. in County Court at Law No. 4 of Nueces County, based on the death of her husband, Richard Garcia. According to the petition, the decedent, who was employed by the defendants as a pipefitter, died as a result of exposure to "toxic hard-metal materials" during the course and scope of his employment. By her first amended original petition, Trevino-Garcia included additional claims against numerous other entities identified as "Defendant Merchants" who manufactured, sold, or rented materials and machine tools used by the decedent containing toxic hard-metal substances. The first amended original petition identified the "hard-metals" as including, but not limited to, cobalt, tungsten, vanadium, bismuth, titanium, iron, aluminum, magnesium, silica, and combinations thereof. Trevino-Garcia subsequently filed second and third amended original petitions clarifying and expanding her causes of action. Each of these petitions identified silica as one of the hard-metals utilized by the decedent.

2

In the fall of 2011, the case was transferred to the silica multidistrict litigation pretrial court in the 333rd District Court as a tag-along case. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 90.004, 90.010(b) (West 2011).

In November 2011, Trevino-Garcia filed her fourth amended petition. The fourth amended petition excludes silica as a defined "hard-metal" and specifically states that "Plaintiffs do not assert a silicosis or silica related claim or injury," and "Decedent died of hard-metal lung disease which is a separate and distinct disease from silicosis or any other silica related type diseases."

In January 2012, Trevino-Garcia filed a motion to remand to the County Court at Law No. 4 of Nueces County on grounds that she did not assert that Decedent died of silicosis or a silica related injury, and accordingly, the cause should not remain in the Silica MDL pretrial court. According to the motion to remand, Trevino-Garcia was required to, and did, file the medical report required by civil practice and remedies code section 90.004, but the report concluded that Garcia did not die from silicosis. In the report, the expert noted as follows:

> As indicated in my prior report, Mr. Garcia had desquamative interstitial pneumonia. This pattern has been described in individuals exposed to hard metal dust. Indeed, 42% of the particles [from a biopsy of Garcia's lung] analyzed . . . were metal particles, including tungsten containing particles. Another 26% were silica . . . . Mr. Garcia did not have silicosis. Mr. Garcia had hard metal lung disease, and therefore the questions you asked me to answer in the Civil Practice and Remedies Code §90.004(3)(A), (A)(i), (A)(ii), (B), (C) and (D) are not applicable to the diagnosis and causation of Mr. Garcia's lung disease.

Following two hearings, the pretrial court remanded the cause. The order of remand states, in relevant part, as follows:

> On May 29, 2012, the Court considered Plaintiff's Motion to Remand. This Court is of the opinion that this Motion to Remand should

3

be GRANTED. The Court finds that, under Rule 13 of the Rules of Judicial Administration, the existence of pleadings by a defendant alleging a connection between damages alleged by a plaintiff and silica does not vest jurisdiction in the Multi-District Litigation Court. Chapter 90 of the Texas Civil Practice[] and Remedies Code definition of a claimant in a silica case includes (1) an exposed person[,] and (2) any person who is seeking recovery of damages for or arising from the injury or death of an exposed person. Under Chapter 38 of the Texas Rules of Civil Procedure, a third party plaintiff is a defending party who brings suit against another person who may be liable to either him or the plaintiff for all of the plaintiff's claim again[st] him. Because a third party plaintiff is only seeking to mitigate the plaintiff's claim against him, he is not seeking to recover damages, and is not a claimant under Chapter 90. Therefore, a third party plaintiff is unable to invoke the jurisdiction of the silica Multi-District Litigation Court.

In a footnote to the order, the court further explained that because Trevino-Garcia had nonsuited with prejudice "any and all claims or potential claims of any harm due to silica," any and all such claims were barred.

By two issues, relators contend that Trevino-Garcia's "post-transfer amended petition" is not sufficient to divest the MDL pretrial court of subject matter jurisdiction and that the remand order was an abuse of discretion for which they have no legal remedy. The Court requested and received a response to the petition for writ of mandamus from Trevino-Garcia, and further received a reply thereto from relators.

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails

4

to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review*. In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). Relators have the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

There is no established jurisprudence regarding whether or not relators possess an adequate remedy by appeal for a transfer from a pretrial court to a trial court in multidistrict litigation. Weighing public and private interests, and recognizing that the adequacy of an appeal depends on the facts involved in each case, we conclude that relators lack an adequate remedy by appeal for this ruling. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. Specifically, Rule 13 of the Rules of Judicial Administration and its engendering legislation were enacted to promote "goals of convenience, efficiency, and justice." *In re Tex. Windstorm Ins. Ass'n*, 339 S.W.3d 401, 403 (Tex. 2009). Denying mandamus relief here would thwart the legislative intent that multidistrict litigation matters be handled expeditiously, and we should not frustrate that purpose "by a too-strict application of our own procedural devices." *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313–14 (Tex. 2010) (orig. proceeding); *see In re McAllen Med. Ctr.*, 275 S.W.3d at 467; *cf.* TEX. R. JUD. ADMIN. 13.9(c) ("An appellate court must expedite review of an order or judgment in a case pending in a pretrial court.").

5

Accordingly, we conclude that "extraordinary circumstances" compel the determination that relators lack an adequate remedy by appeal in this matter. We thus proceed to review the merits of the petition for writ of mandamus.

### III. JURISDICTION

In this original proceeding, we are asked to review an order issued by a trial court in another appellate district. Ordinarily, we would lack mandamus jurisdiction over such an order. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004) (limiting the mandamus jurisdiction of appellate courts to writs of mandamus issued against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district" or "all other writs necessary to enforce the jurisdiction of the court"). However, with regard to multidistrict litigation, an order or judgment of the trial court or pretrial court may be reviewed by the appellate court that regularly reviews orders of the court in which the case is pending at the time review is sought, irrespective of whether that court issued the order or judgment to be reviewed. *See* TEX. R. JUD. ADMIN. 13.9(b).

The order subject to review herein was issued by the pretrial court in multidistrict litigation. At the present time, by virtue of the transfer order, the court in which the underlying case is pending is the County Court at Law No. 4 of Nueces County, Texas. We are the appellate court that regularly reviews orders issuing from that court, and, accordingly, we have jurisdiction over this original proceeding. *See id.*

### IV. SUBJECT MATTER JURISDICTION

In their first issue, relators contend that, as a court of general jurisdiction, the 333rd District Court has subject matter jurisdiction over this personal injury and wrongful

6

death case. According to relators' argument, the creation of a multidistrict litigation proceeding does not limit the subject matter jurisdiction of the 333rd District Court and that court has jurisdiction over this case even in the absence of allegations regarding silica-related exposure or injury. According to relators:

> Judge Halbach's written order remanding the case states that he is remanding the case because the allegations in the Fourth Amended Petition did not vest jurisdiction in the Multi-District Litigation court." . . . The flaw in that analysis is that there is nothing in Texas law that creates or restricts subject matter jurisdiction of a court in which multidistrict litigation pretrial procedures are assigned. The 333rd District Court has the jurisdiction of a district court, which includes the authority to hear wrongful death and personal injury cases. The trial court clearly abused its discretion in not exercising the general subject matter jurisdiction granted to the 333rd District Court.

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 52 S.W.2d 440, 443 (Tex. 1993). Whether a court has subject-matter jurisdiction is a question of law. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010).

In 2003, the Texas Legislature created the Judicial Panel on Multidistrict Litigation (the "MDL Panel"). *See generally* Tex. Gov't Code Ann. §§ 74.161–.164 (West 2005). The legislation authorizes the MDL panel to "transfer civil actions involving one or more common questions of fact . . . to any district court for consolidated or coordinated pretrial proceedings, including summary judgment or other dispositive motions, but not for trial on the merits." *Id.* § 74.162. In accordance with the legislative grant, the Texas Supreme Court promulgated Rule of Judicial Administration 13, which grants a multidistrict litigation pretrial court broad power to manage transferred cases. *Id.* § 74.163(b); § 74.024; *see* Tex. R. Jud. Admin. 13, *reprinted in* Tex. Gov't Code Ann.

7

tit. 2, subtit. F app. (West Supp. 2011). The legislature also enacted chapter 90 of the Texas Civil Practice and Remedies Code for claims involving asbestos and silica. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 90.001–.012 (West 2011).

The laws governing multidistrict litigation provide a pretrial process that allows cases with common questions of fact to proceed efficiently toward trial. *See In re Vanderbilt Mortgage & Fin., Inc.*, 166 S.W.3d 12, 14 (Tex. M.D.L. Panel 2005). Under the multidistrict litigation rules, "related" cases may be transferred from different trial courts to a single pretrial judge "if transfer will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the litigation." *See In re Ad Valorem Tax Litig.*, 216 S.W.3d 83, 84 (Tex. M.D.L. Panel 2006); TEX. R. JUD. ADMIN. 13.2(f), 13.3(a), 13.3(l); *see also In re Tex. Windstorm Ins. Ass'n*, 339 S.W.3d at 401. Stated otherwise, the transfer must "serve the goals of convenience, efficiency, and justice." *In re Toyota Unintended Acceleration Litig.*, MDL 10-0342, 2011 Tex. LEXIS 504, 5-6 (Tex. M.D.L. Panel June 30, 2011). Rule 13 aims to further these goals by eliminating duplicative discovery, minimizing conflicting demands on witnesses, preventing inconsistent decisions on common issues, and reducing unnecessary travel. *See In re Hurricane Rita Bus Evacuation Fire*, 216 S.W.3d 70, 72 (Tex. M.D.L. Panel 2006). Procedures "making discovery more . . . efficient" by minimizing the duplication of efforts inherent in requiring "similarly situated parties to go through the same discovery process time and time again, even though the issues involved are virtually identical" further public policies recognized by the Texas Supreme Court. *Garcia v. Peeples*, 734 S.W.2d 343, 347 (Tex. 1987); *see also In re Weekley Homes, L.P.*, 295

8

S.W.3d 309, 316 (Tex. 2009) (discussing the wide acceptance of the goal to "reduce the costs of discovery, to increase its efficiency, to increase uniformity of practice").

Thus, the multidistrict litigation rules govern specific sorts of cases, that is, those "civil actions that involve one or more common questions of fact." TEX. GOV'T CODE ANN. § 74.162 (West 2005); TEX. R. JUD. ADMIN. 13.1(b)(1). The MDL panel may order transfer of cases to a multidistrict pretrial court if three members concur that "related cases involve one or more common questions of fact" and "transfer to a specified district court will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the related cases." *Id.* R. 13.3(l). Further, after the initial transfer order is issued, a party may transfer other related cases as tag-along cases, which are cases "related to cases in an MDL transfer order" but not themselves the subject of an initial MDL motion or order. *Id.* R. 13.2(g). Rule 13.5(e) provides that a tag-along case may be transferred to the pretrial court by simply filing a notice complying with rule 13.5(a). *See id.* R. 13.5(e). The tag-along case is then automatically "deemed" transferred. *Id.*

The pretrial court has the authority to decide "all pretrial matters" in all related cases transferred to the court. *Id.* R. 13.6(b). The scope of this authority is extensive and includes matters including, but not limited to, jurisdiction, joinder, and discovery. *Id.* The court may set aside or modify any pretrial ruling made by the trial court before transfer over which the trial court's plenary power would not have expired had the case not been transferred. *Id.* R. 13.6(b). The pretrial court also considers disposition of the case by means other than conventional trial on the merits. *Id.* The judge of the pretrial

court has "exclusive jurisdiction" over each related case transferred under Rule 13. *Id.* R. 13.6(a).

The pretrial judge's exclusive authority over the case exists "unless a case is retransferred by the MDL Panel or is finally resolved or remanded to the trial court for trial." *Id.* Cases, or separable triable portions of cases may be remanded "when pretrial proceedings have been completed to such a degree that the purposes of the transfer have been completed or no longer apply. *Id.* R. 13.7(b). Similarly, once a tag-along case has been transferred to the pretrial court, "a party to the case or to any of the related cases already transferred to the pretrial court may move the pretrial court to remand the case to the trial court on the ground that it is not a tag-along case." *Id.* R. 13.5(e). An order granting or overruling such a motion may be appealed to the MDL Panel. *Id.*

In determining the subject matter jurisdiction of a court, we consider the framework of statutes and rules that create the court. *See, e.g., In re United Servs. Auto. Ass'n*, 307 S.W.3d at 303–04 (explaining a five-step process for determining jurisdiction of a particular court by reference to the Constitution, to the general statutes establishing jurisdiction for that court, to specific statutes authorizing establishment of the court, to statutes creating other courts in the same county whose jurisdiction may be implicated, and to statutes governing specific subject matters). A Texas district court is a court of general jurisdiction. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). Our Constitution provides that the jurisdiction of a district court "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by

this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8; *see Blue Cross Blue Shield v. Duenez*, 201 S.W.3d 674, 675 (Tex. 2006). By statute, district courts have the jurisdiction provided by the constitution and "may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity." TEX. GOV'T CODE ANN. §§ 24.007, 24.008. We presume that courts of general jurisdiction have subject matter jurisdiction over a matter, unless a showing can be made to the contrary; however, this presumption does not apply to actions grounded in statute rather than the common law. *Dubai Petroleum Co.*, 12 S.W.3d at 75.

Based on the foregoing, we conclude that the statutes and rules governing multidistrict litigation expressly limit the jurisdiction of courts sitting as pretrial courts in multidistrict litigation. Only qualified cases are subject to transfer to pretrial multidistrict litigation courts, and the scope of authority of pretrial courts over these cases is limited. Specifically, the transfer authorizes the transfer only of "related" civil cases, that is, those cases that involve one or more common questions of fact, from different trial courts to a single pretrial judge where "transfer will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the litigation." *In re Ad Valorem Tax Litig.,* 216 S.W.3d at 84; *see* TEX. R. JUD. ADMIN. 13.2(f), 13.3(a), 13.3(l). And, while the pretrial court has exclusive jurisdiction over each case transferred to the multidistrict litigation court, that authority expressly excludes presiding over the trial of the case. *See* TEX. R. JUD. ADMIN. 13.6(b). Accordingly, although the 333rd District Court is a court of general jurisdiction by virtue of the statutes that created it, when the 333rd District Court is acting pursuant to the MDL panel's designation as a

11

pretrial court under MDL rules and legislation, by reference to those rules, it is not a court of general jurisdiction. We overrule relators' first issue.

## V. PLEADINGS

In their second issue, relators contend that the trial court abused its discretion in remanding the case. Relators allege that Trevino-Garcia "cannot creatively plead her way out of MDL." In connection with this issue, relators allege that: (1) to the extent that the motion to remand was intended as a tag-along challenge, it was untimely; (2) as claimants, the defendants can invoke chapter 90 of the Texas Civil Practice and Remedies Code; (3) the inquiry should consider more than just the plaintiff's pleadings; (4) the time-of-filing rule should apply as Texas courts do not tolerate artful pleadings to avoid procedural requirements; and (5) the underlying purposes of the Silica MDL court are fulfilled by retaining the case in the 333rd District Court.

Relators allege that, to the extent that the motion to remand was intended as a tag-along challenge, it was untimely. Rule 13 prescribes that a motion to remand on the basis that a case is not a tag-along case may be filed within 30 days after service of the notice of transfer. *Id.* R. 13.5(e). Trevino-Garcia's motion to remand was not filed within this period of time and she did not file a motion for leave to file the motion to remand outside of Rule 13's thirty-day deadline based on tag-along status. Accordingly, the motion to remand was untimely under Rule 13. We note, however, that Rule 13 does not address whether or not the trial court possesses discretion to allow late-filed motions to remand on the grounds that a case is not a tag-along case. We assume, without deciding, that Rule 13 vests such discretion in the pretrial court. *See generally*

TEX. R. CIV. P. 5 (requiring a party seeking additional time to file a document after a deadline to file a motion and show good cause for not acting before the deadline).

To the extent that relator's petition might be expansively construed to include a complaint that the respondent abused its discretion by allowing Trevino-Garcia to file the motion to remand after the deadline to file a motion to remand based on tag-along status had passed, we note that courts enjoy very wide discretion in controlling their dockets and setting or enforcing deadlines. *See, e.g., Werner v. Miller*, 579 S.W.2d 455, 457 (Tex. 1979); *Forscan Corp. v. Touchy*, 743 S.W.2d 722, 724 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding). To the extent that relator is complaining that the respondent abused its discretion by implicitly continuing Trevino-Garcia's deadline to file a motion to remand based on tag-along status, we note that continuances are generally not subject to mandamus review. *See In re H & R Block*, 159 S.W.3d 127, 132 (Tex. App.—Corpus Christi 2004, orig. proceeding) (citing and discussing *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 943 (Tex.1998) (orig. proceeding); *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex.1997) (orig. proceeding)). We find no "special circumstances" in this case that would have precluded the respondent from continuing Trevino-Garcia's deadline to file a motion to remand.

Trevino-Garcia's motion to remand did not invoke remand under any specific section of Rule 13 and did not assert that the case is not a tag-along case. Looking at the substance of the motion, Trevino-Garcia asserts that the case should be remanded because the alleged injury is hard-metal lung disease and not silica or a silica-related injury, the decedent did not die from silica or a silica-related injury, and the purposes of

13

the MDL panel would not be furthered by retaining the case because there are no other cases having one or more issues of common fact in terms of hard-metal lung disease. Given the pretrial court's broad scope of authority over its cases, including the authority to determine jurisdiction, the directive that it "ensure the expeditious resolution of each case and the just and efficient conduct of the litigation as a whole," we conclude that the pretrial court has not only the discretion but also the duty to consider whether or not the underlying case was properly transferred to the multidistrict litigation pretrial court, and could do so at any time during the litigation. *See* TEX. R. JUD. ADMIN. 13.6(a),(b). Moreover, the pretrial court's order of remand was predicated on its lack of jurisdiction, and subject matter jurisdiction cannot be waived or conferred by agreement, can be raised at any time, and must be considered by a court sua sponte. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 379 (Tex. 2006).

Relators contend that the pretrial court should consider more than just the plaintiff's pleadings in determining whether the case should be remanded to the trial court. Relators contend that the prior medical reports and initial pleadings show that "this case was, and remains, a silica case." In this regard, we note that the trial court must consider evidence on a plea to the jurisdiction when evidence is necessary to determine the jurisdictional facts. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). Similarly, on appeal or other review, when reviewing a trial court's ruling on a challenge to its jurisdiction, we consider the plaintiff's pleadings and factual assertions, as well as any evidence in the record that is relevant to the jurisdictional issue. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010); *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. In the instant case, the pretrial court's order of remand does not reference the scope of

14

its review, and the motion to remand, responses thereto, and briefing included the medical reports and initial pleadings. Accordingly, we reject any contention that the pretrial court abused its discretion by improperly constraining its scope of review.

Relators contend that we should apply the "time of filing" rule, applicable to federal removal cases, to this case. Under this rule, a court "measures all challenges to subject matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004). Relators also contend that "[s]imilar concerns involving jurisdiction are applicable to venue determination," and seek to invoke the rule that once a venue determination has been made, that determination is conclusive as to those parties and claims. *See In re Team Rocket*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding). Relators contend that to hold otherwise would be to enable gamesmanship in litigation and would result in "retroactively" divesting the silica MDL of jurisdiction. Relators thus urge that "Texas [c]ourts do not tolerate artful pleadings to avoid procedural requirements." Contrary to relator's arguments, it "is well established that plaintiffs are the masters of their suit regarding the claims . . . they choose to pursue." *Heard v. Moore*, 101 S.W.3d 726, 728 (Tex. App.—Texarkana 2003, pet. denied); *see also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). The plaintiff is free to tailor her pleadings to eschew those claims which would mandate one forum instead of another forum for litigation of those well-pleaded claims. *See Holmes Group*, 535 U.S. at 831.

Relators have offered no authority indicating that these doctrines should apply to the pretrial court's determination regarding whether or not a case has been properly transferred to a multidistrict litigation pretrial court. Accordingly, we decline to apply relators' interpretation of the federal "time of filing" rule or the requirement that there be only one venue ruling to the instant case. *Cf.* 28 U.S.C. § 1447(e) (contrary to relators' arguments about the federal rules, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may … permit joinder and remand the action to the State court.").

Relators contend that they qualify as "claimants" under chapter 90 of the Texas Civil Practice and Remedies Code. We disagree. Under Chapter 90 of the Texas Civil Practice and Remedies Code, a "claimant" is defined as "an exposed person and any person who is seeking recovery of damages for or arising from the injury or death of an exposed person." TEX. CIV. PRAC. & REM. CODE ANN. § 90.001 (West 2011). Under chapter 90, claimants must serve a detailed expert report "on each defendant." *See id.* § 90.004(a); *In re Global Sante Fe Corp.*, 275 S.W.3d 477, 480 (Tex. 2008). We generally avoid construing individual provisions of a statute in isolation from the statute as a whole, and we therefore read the statute as a whole and interpret it to give effect to each part of the statute. *See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). In this case, the structure of chapter 90 indicates that the term "claimants" does not encompass "defendants." Accordingly, we agree with the pretrial court that "a third party plaintiff is unable to invoke the jurisdiction of the silica Multi-District Litigation Court."

16

Finally, relators contend that the underlying purposes of the silica MDL are fulfilled by retaining the case in the 333rd District Court.

> [W]hether a plaintiff or defendant raises a silica-related injury claim, the same common questions of fact exist in the case, and the same convenience of the parties and witnesses will be served by addressing the case in the pretrial court designed to handle such matters. And in this case, we all know, silica is at play—regardless of who alleges it or for what purpose.

Under Rule 13, the pretrial court has the authority to determine whether a case should be remanded to the trial court. *See* TEX. R. JUD. ADMIN. 13.5(e), 13.7. Trevino-Garcia has eliminated silica claims from her pleadings and has affirmatively disavowed any causes of action based on silica exposure. If the trial court or jury ultimately concludes that the case is, in fact, a silica case, then Trevino-Garcia's claims will inevitably fail. Based upon the circumstances presented here, relators have not shown that the pretrial court abused its discretion in determining that the purposes of the transfer do not apply to a case involving hard-metal exposure.

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

ROSE VELA
JUSTICE

Delivered and filed the
29th day of October, 2012.

17