ACCEPTED
15-24-00131-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/22/2025 5:08 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00131-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/22/2025 5:08:55 PM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
for the Fifteenth District of Texas

*In re* ETC Field Services, LLC
*Relator*

Original Proceeding arising from
the Eighth Business Court Division, Tarrant County
Hon. Jerry Bullard, Presiding

## Reply in Support of Petition for Writ of Mandamus

Michael P. Lynn, P.C.
 Texas Bar No. 12738500
 mlynn@lynnllp.com
David S. Coale
 Texas Bar No. 00787255
 dcoale@lynnllp.com
Chris Patton
 Texas Bar No. 24086234
 cpatton@lynnllp.com
Jared Eisenberg
 Texas Bar No. 24092382
 jeisenberg@lynnllp.com
Carter Plotkin
 Texas Bar No. 24122989
 cplotkin@lynnllp.com

LYNN PINKER HURST &
SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201-7919
Telephone: (214) 981-3800
Facsimile:   (214) 981-3839

*Attorneys for Relator*

## I. Introduction

Pursuant to Texas Rule of Appellate Procedure 52.5, Relator ETC Field Services, LLC, f/k/a Regency Field Services, LLC files this Reply in Support of its Petition for Writ of Mandamus.

Tema inaccurately contends that the act creating the business courts excludes this case, despite the meaningful omission of language the Legislature *always* uses to exclude pending cases. Tema's extreme theory would render decades of enactments superfluous. Tema misapprehends the act.

Tema also contests the business court's subject-matter jurisdiction, but Tema conflates jurisdiction with venue, federal judgments with a state statute, and the question in this case with hypotheticals. The only question before the Court with respect to subject-matter jurisdiction is whether the Texas Uniform Commercial Code, which explicitly regulates commerce and trade, constitutes a "trade regulation law" within the meaning of the business court's jurisdictional statute.

Lastly, mandamus relief is warranted because the business court misapplied the law and Relator will be permanently deprived of the specialized forum it is entitled to by law if the business court's

judgment is allowed to stand until appeal. In similar situations, the Texas Supreme Court has repeatedly issued a writ of mandamus.[1]

## II. Section 8 Permits Jurisdiction in the Business Court

The language of Section 8 of H.B. 19 does not exclude business court jurisdiction over this case.[2] Contrary to the Texas Supreme Court's instruction that "every word excluded from a statute must . . . be presumed to have been excluded for a purpose,"[3] and the Legislature's unyielding resort to the language "the changes in law made by this Act apply *only*" to certain cases when the Legislature intends an act to be effective only prospectively,[4] Tema insists that Section 8 necessitates that the business court refuse to exercise the jurisdiction conferred upon it by the Legislature.[5] The

---

[1] Tema's statement that all proceedings short of trial have concluded is incorrect. Resp. 1. Both parties have stated that they will seek additional, limited discovery, and Relator will make additional pretrial motions, as set forth in both the Tarrant County District Court and the business court below. *See* R078.

[2] Act of May 29, 2023, 88th Leg., R.S., ch. 380, § 8 ("The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024.").

[3] *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981).

[4] *See, e.g.*, Act of May 17, 2023, 88th Leg., R.S., ch. 763, § 2 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 52.007) ("The change in law made by this Act applies *only* to a civil action commenced on or after the effective date of this Act. A civil action commenced before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose." (emphasis added)).

[5] *See* TEX. GOV'T CODE ANN. § 25A.004(c) (conferring business court jurisdiction).

Court should reject Tema's argument for a simple reason: the Legislature has not been enacting superfluous statutes for decades.

Both Tema[6] and the Business Court below[7] take the position that including the word "only" in Section 8 so that the provision would read "[t]he changes in law made by this Act apply *only* to civil actions commenced on or after September 1, 2024" would be "superfluous" because Section 8 already excludes civil actions commenced before September 1, 2024. But this interpretation turns decades of legislative enactments on their head.

For example, in 2011, the Legislature passed H.B. 734 "relating to the jurisdiction of constitutional county courts over truancy cases and the appointment of magistrates to hear truancy cases in certain counties."[8] Among other things, the law reduced the threshold population for a constitutional county court to hear a truancy complaint from counties with a population of two million to counties with populations of 1.75 million.[9] Resorting to the language the Legislature *always* uses to exclude cases commenced before the law's effective date, the Legislature provided that the changes in law

---

[6] Resp. 11 ("ETC's construction renders Section 8 meaningless.").

[7] *Tema Oil & Gas Co. v. ETC Field Servs., LLC*, No. 24-BC08B-0001, 2024 WL 5337411, at *5 (Tex. Bus. Ct. Nov. 6, 2024) ("It would have been superfluous for the legislature to have [inserted the word "only."]).

[8] Act of May 12, 2011, 82nd Leg., R.S., ch. 148, 2011 Tex. Gen. Laws 683.

[9] *Id.* §§ 2–4 (codified at TEX. EDUC. CODE ANN. §§ 25.093–.094; TEX. GOV'T CODE ANN. § 26.045(d)).

apply "only" to conduct predating the act's effective date, and that the law governing conduct predating the act's effective date "is continued in effect for that purpose."[10] This regularly resorted to language has meaning.[11] But Tema's theory, if accepted, would render large portions of the 2011 act superfluous. If Tema is correct that an act must simply state its effective date to have prospective but not retroactive effect,[12] then each instance of "only" in each subsection of the 2011 act was a superfluous enactment:

> SECTION 6. (a) The changes in law made by this Act to Sections 25.093 and 25.094, Education Code, apply *only* to an offense committed on or after the effective date of this Act. For purposes of this subsection, an offense is committed before the effective date of this Act if any element of the offense occurs before that date. An offense committed before the effective date of this Act is covered by the law in effect immediately before the effective date of this Act, and the former law is continued in effect for that purpose.

> (b) The change in law made by this Act to Section 54.021, Family Code, applies *only* to conduct indicating a need for supervision as described in Section 51.03(b)(2), Family Code, engaged in by an individual on or after the effective date of this Act. Conduct engaged in before the effective date of this Act is covered by the law in effect

---

[10] *Id.* § 6 (emphasis added).

[11] *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) ("[E]very word of a statute must be presumed to have been used for a purpose.").

[12] *See* Resp. 13.

immediately before the effective date of this Act, and the former law is continued in effect for that purpose.

(c) The change in law made by this Act to Section 26.045, Government Code, applies *only* to a violation of Section 25.093 or 25.094, Education Code, committed on or after the effective date of this Act. A violation committed before the effective date of this Act is covered by the law in effect immediately before the effective date of this Act, and the former law is continued in effect for that purpose.[13]

The Court should not hold that the absence of the word "only" is meaningless, because to do so would render the provisions of the 2011 act—and similar provisions in decades of acts preceding and following it[14]—"at best superfluous, and possibly a nullity— contrary to the canon that presumes the entirety of a statute is intended to have effect. *See* Tex. Gov't Code § 311.021(2)."[15] Instead, the Legislature's deliberate exclusion of the narrowing language means that the changes in law enacted by H.B. 19 do not apply *only* "to civil actions commenced on or after September 1, 2024,"[16] but rather "makes clear that no matter what, the business courts will be open to accept cases as of September 1, 2024."[17]

---

[13] Act of May 12, 2011, 82nd Leg., R.S., ch. 148, § 6, 2011 Tex. Gen. Laws 683, 684.
[14] *See* Pet. 16–17 (citing acts from 1999 to 2019 applying changes in law "*only*" to conduct occurring on or after the act's effective date).
[15] Resp. 11.
[16] Act of May 29, 2023, 88th Leg., R.S., ch. 380, § 8.
[17] Pet. 14.

Indeed, the "rule is well settled that procedural statutes may apply to suits pending at the time they became effective."[18] "The general rule is that a new remedial or procedural statute applies to both pending and future actions."[19] Interpreting H.B. 19 to permit removal of cases to business courts is consistent with its text,[20] the structure of the act in the fabric of Texas law because it deliberately and meaningfully omits the exclusionary language of other statutes, and the act's express purposes of relieving district court dockets and funneling business disputes to the business court.[21] The business court clearly erred by holding otherwise.

---

[18] *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999) (quoting *Wilson v. Work*, 62 S.W.2d 490, 490 (Tex. 1933) (orig. proceeding) (per curiam)).

[19] *Att'y Gen. of Tex. v. Redding*, 60 S.W.3d 891, 893 (Tex. App.—Dallas 2001, no pet.); *see Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994)) ("Similarly, the United States Supreme Court has held that a new statute conferring or ousting jurisdiction applies to existing suits.").

[20] TEX. GOV'T CODE ANN. § 25A.006(d) ("A party to an action **filed** in a district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court.") (emphasis added).

[21] *See* House Comm. on Judiciary & Civil Jurisprudence, Bill Analysis, Tex. H.B. 19, 88th Leg., R.S. (2023) (discussing the need to "streamline resolutions of business disputes" and relieve district court dockets).

## III. The Business Court has Subject-Matter Jurisdiction

### A. This Case Concerns a Publicly Traded Company

Tema originally sued "Defendant ETC Field Services, LLC, f/k/a Regency Field Services, LLC."[22] While jurisdiction is determined at the time a case is filed in the sense that "subsequent events do not deprive the court of subject matter jurisdiction,"[23] Tema conflates doctrines governing subject-matter jurisdiction like standing[24] with *venue determinations*. The doctrines are distinct. In *In re Champion Indus. Sales, LLC*, the Thirteenth Court of Appeals declined to impose the time-of-filing rule that tests all jurisdictional challenges at the time of filing to a venue determination because the proponent "offered no authority indicating that these doctrines should apply to the pretrial court's determination regarding whether or not a case has been properly transferred to a [different] pretrial court."[25]

Because "[a] party to an action filed in a district court or county court at law that is within the jurisdiction of the business

---

[22] Orig. Pet. 1, *Tema Oil & Gas Co. v. ETC Field Servs., LLC*, No. 236-291050-17 (236th Dist. Ct., Tarrant County, Tex. Mar. 17, 2017).

[23] *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex. 1993).

[24] *See In re Grant*, No. 14-23-00408-CV, 2024 WL 2931128, at *7 (Tex. App.—Houston [14th Dist.] June 11, 2024, orig. proceeding) (mem. op.) (per curiam).

[25] 398 S.W.3d 812, 823 (Tex. App.—Corpus Christi–Edinburg 2012, orig. proceeding [mand. denied]).

8

court may remove the action to the business court,"[26] and because ETC Field Services, LLC (now known as ET Gathering & Processing LLC) has been majority owned and controlled by an entity "whose voting equity securities are listed on a national securities exchange registered with the United States Securities and Exchange Commission,"[27] Relator properly removed this case.

## B.     Tema Claims Violations of Trade Regulation Laws

The business court has jurisdiction over "an action in which *a claim* under a state or federal securities or trade regulation law is asserted against an organization."[28] Tema alleges that ETC breached "the Contract and its duties under TEX. BUS. & COM. CODES §§1.304 and 2.306(b)."[29] The Texas UCC is necessarily a "trade regulation law."[30] The analysis need reach no further; the business court has jurisdiction over this case.

To contest this point, Tema confusingly points to a 1997 federal consent decree between a pesticide manufacturer and numerous government authorities that unsurprisingly referred to "trade regulation laws" as including "federal and the State's

---

[26] TEX. GOV'T CODE ANN. § 25A.006(d).

[27] Pet. 23 & nn.32–34 (quoting TEX. GOV'T CODE ANN. § 25A.001(13)).

[28] TEX. GOV'T CODE ANN. § 25A.004(b)(3)(A) (emphasis added).

[29] R005, ¶ 17.

[30] *See* TEX. BUS. & COM. CODE ANN. § 1.103(1) (a purpose of the Texas UCC is "to simplify, clarify and modernize the law governing commercial transactions").

antitrust and unfair acts, practices or competition laws."[31] Nothing about the federal consent decree restricts the meaning of "state or federal securities or trade regulation law" in a state court jurisdictional statute.[32] Instead, the plain language of the statute controls, which definitionally encompasses this case.[33]

Despite asserting a claim for violation of a law regulating commerce and trade, Tema contends that the business court nevertheless lacks jurisdiction over this case because the business court would thereby have *too much* jurisdiction.[34] This argument fails simply because the plain language of the statute provides that the business court has jurisdiction over cases involving claims under a "trade regulation law" is asserted against an organization.[35] This is such a case. Tema's point that business court jurisdiction would be rendered too capacious—or certain jurisdictional bases rendered superfluous—by having jurisdiction over this case is hypothetical; the only issue before this Court is whether claims for breaches of

---

[31] *State of Tex. ex rel. Att'y Gen. Morales v. Zeneca, Inc.*, No. 3-97 CV 1526-D, 1997 WL 570975, at *3 (N.D. Tex. June 27, 1997).

[32] TEX. GOV'T CODE ANN. § 25A.004(3); *see* R079.

[33] *See* Pet. 24–25 (discussing definitions).

[34] Resp. 20.

[35] *Compare* TEX. GOV'T CODE ANN. § 25A.004(b)(3), *with Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018) ("We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results.").

Texas Uniform Commercial Code sections[36] that regulate trade by imposing best efforts[37] and good faith[38] terms in trade dealings[39] constitute "an action in which a claim under a state or federal . . . trade regulation law is asserted."[40] Whether a claim for breach of contract independent of the Texas UCC constitutes an action involving a trade regulation law is a question for another day.[41]

Because Tema asserted claims under a trade regulation law—the Texas Uniform Commercial Code—against a publicly traded entity, the business court had jurisdiction over this case and abused its discretion by ordering the case remanded.

## IV. ETC has no Adequate Remedy by Appeal

While business court jurisdiction is "concurrent" with district court jurisdiction,[42] when the business court does have jurisdiction

---

[36] R005, ¶ 17.

[37] TEX. BUS. & COM. CODE ANN. § 2.306(b) ("A lawful agreement by either the seller or the buyer for exclusive dealing in the kind of goods concerned imposes unless otherwise agreed an obligation by the seller to use best efforts to supply the goods and by the buyer to use best efforts to promote their sale.").

[38] TEX. BUS. & COM. CODE ANN. § 1.304 ("Every contract or duty within this title imposes an obligation of good faith in its performance and enforcement.").

[39] *See* TEX. BUS. & COM. CODE ANN. § 1.304 cmt. 1 ("[Duties are] further implemented by Section 1-303 on course of dealing, course of performance, and **usage of trade**." (emphasis added)).

[40] TEX. GOV'T CODE ANN. § 25A.004(3).

[41] If the business court does not have jurisdiction over all of Tema's claims, the business court should resolve that question in the first instance. *See* Resp. 21 n.16.

[42] *See* TEX. GOV'T CODE ANN. § 25A.004(b).

over a case, it *must* exercise that jurisdiction and refuse to remand the case.[43] Courts may not decline jurisdiction conferred.[44] A case properly removed to business court is not subject to remand because chapter 25A provides that a case may *only* be remanded "[i]f the business court does not have jurisdiction of the action."[45] This is the Legislature's intended result: "H.B. 19 creates a specialized business trial court [and] is intended to streamline resolutions of business disputes [to that court]."[46]

Business court is therefore the mandatory venue for the types of cases enumerated.[47] This is such as case.[48] Accordingly, ETC stands to lose a substantial *legal* right to litigate in the appropriate forum if the case is allowed to proceed to trial in the 236th District Court. The Texas Supreme Court has repeatedly recognized that the loss of a legal right to a forum is correctable by a writ of

---

[43] TEX. GOV'T CODE ANN. § 25A.006(d) ("If the business court *does not have jurisdiction* of the action, the business court shall remand the action to the court in which the action was originally filed." (emphasis added)).

[44] *Stewart v. Moore*, 291 S.W. 886, 891 (Tex. Comm'n App. 1927, holding approved); *Ohio v. Wyandotte Chems. Corp.*, 401 U.S. 493, 496–97 (1971) ("[I]t is a time-honored maxim of the Anglo-American common-law tradition that a court possessed of jurisdiction generally must exercise it.").

[45] TEX. GOV'T CODE ANN. § 25A.006(d).

[46] S. Comm. on Jurisprudence, Bill Analysis, Tex. H.B. 19, 88th Leg., R.S. (2023).

[47] *See* TEX. GOV'T CODE ANN. § 25A.004.

[48] *See* TEX. GOV'T CODE ANN. § 25A.004(c).

mandamus.[49] For example, in *Jack B. Anglin Co. v. Tipps*, the Texas Supreme Court recognized that mandamus relief "will issue when the failure to do so would vitiate and render illusory the subject matter of an appeal" because, absent that intervention, the relator "would be deprived of the benefits of the [forum it is entitled to], and the purpose of [the specialized forum] would be defeated."[50] The Supreme Court has repeatedly granted mandamus relief when the trial court declines to compel arbitration, holding that parties who are "erroneously denied the right to [a specialized forum] has no adequate remedy at law."[51] The Court should apply this persuasive logic here, where the legal right to the specialized business court exists whenever Section 25A.004 is satisfied.

## V.    Conclusion and Prayer

For the reasons stated in Relator's Petition and this Reply, the trial court abused its discretion by declining to exercise its jurisdiction and remanding this case to the Tarrant County District Court. Relator respectfully prays that this Court issue a writ of

---

[49] *See, e.g.*, *In re AIU Ins. Co.*, 148 S.W.3d 109, 117 (Tex. 2004) (orig. proceeding) ("Subjecting a party to . . . requiring an appeal to vindicate the rights granted in [law] is clear harassment. . . . By insisting that the case proceed in a forum other than that [legally required], the breaching party is adding a layer of expense that would otherwise not exist, and the breaching party may be inclined to protract proceedings to encourage a favorable settlement.").

[50] 842 S.W.2d 266, 272–73 (Tex. 1992) (orig. proceeding).

[51] *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 900 (Tex. 1995) (orig. proceeding) (per curiam).

mandamus directing the district court to vacate its order of remand,[52] and grant Relator all other relief to which it may be justly or equitably entitled.

Dated: January 22, 2025

Respectfully submitted,

_____

Michael P. Lynn, P.C.
 Texas Bar No. 12738500
 mlynn@lynnllp.com
David S. Coale
 Texas Bar No. 00787255
 dcoale@lynnllp.com
Chris Patton
 Texas Bar No. 24086234
 cpatton@lynnllp.com
Jared Eisenberg
 Texas Bar No. 24092382
 jeisenberg@lynnllp.com
Carter Plotkin
 Texas Bar No. 24122989
 cplotkin@lynnllp.com
LYNN PINKER HURST & SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201-7919
Telephone: (214) 981-3800
Facsimile:   (214) 981-3839

***Attorneys for Relator***

---

[52] R085.

14

## Certificate of Service

Pursuant to Texas Rule of Appellate Procedure 9.5, I certify that I served on January 22, 2025, via an electronic service provider a true and correct copy of this document and all attachments upon all counsel of record as follows:

Kathleen Cynthia Pickett
State Bar No. 15980500
cpickett@pickettlawgroup.com
N. Kimberly Hoesl
State Bar No. 24040540
khoesl@pickettlawgroup.com
Anita E. Kadala
State Bar No. 00786007
akadala@pickettlawgroup.com
PICKETT LAW GROUP, PLLC
Lakes on Post Oak
3050 Post Oak Blvd., Suite 620
Houston, Texas 77056
(713) 221-3760

David E. Keltner
State Bar No. 11249500
david.keltner@kellyhart.com
Joe Greenhill
State Bar No. 24084523
joe.greenhill@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

***Attorneys for Real Party in Interest***

_____
Carter S. Plotkin

## Certificate of Compliance

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), this brief complies with Rule 9.4 because the total number of all words in this document is 3,450.

_____
Carter S. Plotkin

15

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Carter Plotkin on behalf of Carter Plotkin
Bar No. 24122989
cplotkin@lynnllp.com
Envelope ID: 96495983
Filing Code Description: Other Document
Filing Description: Reply in Support of Petition for Writ of Mandamus
Status as of 1/23/2025 7:03 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David S.Coale | | dcoale@lynnllp.com | 1/22/2025 5:08:55 PM | SENT |
| Michael P.Lynn | | mlynn@lynnllp.com | 1/22/2025 5:08:55 PM | SENT |
| Christopher W.Patton | | cpatton@lynnllp.com | 1/22/2025 5:08:55 PM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 1/22/2025 5:08:55 PM | SENT |
| Jared Eisenberg | | jeisenberg@lynnllp.com | 1/22/2025 5:08:55 PM | SENT |
| Nancy Hoesl | 24040540 | khoesl@pickettlawgroup.com | 1/22/2025 5:08:55 PM | SENT |
| Kathleen Pickett | 15980500 | cpickett@pickettlawgroup.com | 1/22/2025 5:08:55 PM | SENT |
| Ana Kadala | 786007 | akadala@pickettlawgroup.com | 1/22/2025 5:08:55 PM | SENT |
| David Keltner | 11249500 | david.keltner@kellyhart.com | 1/22/2025 5:08:55 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 1/22/2025 5:08:55 PM | SENT |
| Joe Greenhill | | joe.greenhill@kellyhart.com | 1/22/2025 5:08:55 PM | SENT |
| Helene A.Chacon | | hchacon@pickettlawgroup.com | 1/22/2025 5:08:55 PM | SENT |
| NATALIE STALLBOHM | | nstallbohm@lynnllp.com | 1/22/2025 5:08:55 PM | SENT |
| Lisa Mewbourn | | lmewbourn@lynnllp.com | 1/22/2025 5:08:55 PM | SENT |
| Ronni AdeleBracken | | rbracken@lynnllp.com | 1/22/2025 5:08:55 PM | SENT |
| Hon. Jerry Bullard | | BCDivision8a@txcourts.gov | 1/22/2025 5:08:55 PM | SENT |
| Kimberly Hoesl | | khoesl@pickettlawgroup.com | 1/22/2025 5:08:55 PM | SENT |
| Carter Plotkin | | cplotkin@lynnllp.com | 1/22/2025 5:08:55 PM | SENT |
| Kristine Wheeler | | kwheeler@lynnllp.com | 1/22/2025 5:08:55 PM | SENT |