**HOUSING & COMMUNITY SERVICES, INC. and HCS 401, LLC d/b/a Lantana Square Apartments, Appellants,**

v.

**TEXAS WINDSTORM INSURANCE ASSOCIATION, Appellee.**

**NUMBER 13–15–00560–CV**

Court of Appeals of Texas, Corpus Christi-Edinburg.

Delivered and filed March 2, 2017

---

Bruce K. Spindler, Robinson C. Ramsey, Langley & Banack, Inc., San Antonio, TX, for Appellants.

Frank E. Weathered, David J. Dunn, Polly Dunn, Dunn, Weathered, Coffey, Rivera & Kasperitis, P.C., Corpus Christi, TX, for Appellee.

Before Chief Justice Valdez and Justices Rodriguez and Benavides

## OPINION

Opinion by Justice Benavides

Appellants Housing and Community Services, Inc. and HCS 401, LLC d/b/a Lantana Square Apartments (collectively HCS) appeal the trial court's granting of summary judgment in favor of appellee Texas Windstorm Insurance Association (TWIA) and ordering that HCS take nothing in its lawsuit against TWIA. We affirm.

### I. BACKGROUND

HCS owns the Lantana Square Apartments ("the Lantana property") in Corpus Christi. The Lantana property was insured against wind and hail storm events through TWIA.[1] Specifically, it was insured by two TWIA policies, which provided coverage through December 2012.

On May 15, 2012, HCS sustained damages allegedly caused by a hail storm to various buildings on the Lantana property covered under both TWIA policies. On May 28, 2013, HCS filed two separate but related claims (Claim numbers: C0183954 and C0184052) with TWIA, claims related to the May 15, 2012 damages. On July 1, 2013, TWIA denied both claims on grounds that HCS failed to fulfill its duty to file its claim with TWIA within one year of the

---

1. TWIA is a quasi-governmental body that provides insurance coverage to primarily coastal counties in Texas and operates under the administrative control of the Texas insur- ance commissioner. *See* Michael S. Wilson, *A Procedure for Segregating Damages from Wind and Flood Water*, 16 TEX. TECH. ADMIN. L.J. 141, 143 (2014).

loss. The denial letters stated that HCS may seek a onetime, 180–day extension to file its claim upon a showing of "good cause" to the Texas Commissioner of Insurance. On July 12, 2013, a representative for HCS filed a request with the Texas Commissioner of Insurance requesting an extension on the claim dates. On August 23, 2013, the Texas Commissioner of Insurance denied HCS's requests.

On March 24, 2014, HCS filed suit against TWIA alleging claims for wrongful denial of coverage under section 2210.575 of the insurance code, *see* TEX. INS. CODE ANN. § 2210.575 (West, Westlaw through 2015 R.S.), and for declaratory relief—specifically, that HCS's thirteen-day lapse of filing its claims within exactly one year of the requisite requirements of the policy did not bar it from coverage under the policies, if TWIA was not prejudiced pursuant to *PAJ v. Hanover Insurance Company. See* 243 S.W.3d 630 (Tex. 2008). On September 3, 2014, HCS filed a motion for partial summary judgment arguing that it was entitled to coverage under the policies because the evidence conclusively showed that HCS "provided proper notice under the TWIA policy; or in the alternative, ... TWIA was not prejudiced by this immaterial delay" of thirteen days.

TWIA answered, responded to HCS's motion for partial summary judgment, and filed its own motion for traditional summary judgment on grounds that the evidence conclusively showed that HCS failed to meet the mandatory one-year, post-loss, claim-filing deadline, having missed this deadline by thirteen days. Furthermore, TWIA asserted in its motion that chapter 2210 of the insurance code exclusively regulates insurance policies issued by TWIA, including the two involved in this case, and does not require TWIA to show prejudice if a claimant fails to report its claim within the one-year period.

The trial court granted TWIA's traditional motion for summary judgment and ordered that HCS take nothing from its lawsuit against TWIA. This appeal followed.

## II. SUMMARY JUDGMENT

By one issue, HCS contends that the trial court erroneously granted TWIA's motion for summary judgment and denied its own motion for summary judgment.

### A. Standard of Review

We review the granting of a motion for summary judgment de novo. *Robert V. Buck v. G.J. Palmer, Jr.*, 381 S.W.3d 525, 527 (Tex. 2012). When the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious. *Id.* When both parties move for summary judgment and the trial court grants one motion and denies the other, we review all the summary judgment evidence, determine all issues presented, and render the judgment the trial court should have. *Id.*

### B. Discussion

■ Before delving into our analysis, it is important to note four stipulations made by the parties: (1) "on May 15, 2012, a hail and/or windstorm event occurred in Corpus Christi" that caused the alleged damages to the Lantana property claimed by HCS; (2) HCS filed those claims one year and thirteen days after the wind and/or hail storm event; (3) TWIA denied those claims as untimely because they were filed "in excess of one year from the date of the loss;" and (4) TWIA was not prejudiced by HCS's untimely filed claims. Thus, as matter of first impression, we must decide whether under the insurance code, TWIA may deny coverage due to a claimant's untimely filing of a claim, regardless of

whether TWIA was prejudiced or not by the untimely filing.

TWIA argues that the plain-language of the relevant insurance code provisions are dispositive to the analysis of this case. First, section 2210.573(a) states that an insured must file a claim under an association policy not later than the first anniversary of the date on which the damage to property that is the basis of the claim occurs. TEX. INS. CODE ANN. § 2210.573(a) (West, Westlaw through 2015 R.S.). This provision is tempered, however, by a safety-valve provision which allows a claimant to seek a discretionary 180–day extension of the claim deadline from the commissioner of insurance upon a claimant's showing of "good cause." *Id.* § 2210.205(b) (West, Westlaw through 2015 R.S.). TWIA asserts that these claims procedures are mandatory, and absent strict adherence, it may deny coverage for an untimely-filed claim.

HCS counters this argument by citing to *PAJ* and other cases, which have held that an insured's failure to timely notify its insurer of a claim or suit does not defeat coverage if the insurer was not prejudiced by the delay. *See PAJ*, 243 S.W.3d at 636–37; *see also Prodigy Commc'ns Corp. v. Agricultural Excess & Surplus Ins. Co.*, 288 S.W.3d 374, 382–83 (Tex. 2009) ("In a claims-made policy, when an insured notifies its insurer of a claim within the policy term or other reporting period that the policy specifies, the insured's failure to provide notice 'as soon as practicable' will not defeat coverage in the absence of prejudice to the insurer."); *cf. Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 694 (Tex. 1994) (insured's immaterial breach of policy did not prejudice insurer to avoid coverage under the insurance policy).

While acknowledging the *PAJ*, *Prodigy*, and *Hernandez* decisions, TWIA argues that those cases are inapplicable and distinguishable from the present case because of the "special statutory nature of windstorm coverage and its departure from the common law." We agree.

When statutory text is clear and unambiguous, we construe that text according to its plain and common meaning unless a contrary intention is apparent from the statute's context. *See Hoskins v. Hoskins*, 497 S.W.3d 490, 493 (Tex. 2016). The Texas Legislature passed the Texas Windstorm Insurance Association Act (the TWIA Act) to provide "an adequate market for windstorm and hail insurance in the seacoast territory of this state." TEX. INS. CODE ANN. § 2210.001 (West, Westlaw through 2015 R.S.). Furthermore, TWIA "is intended to serve as a residual insurer of last resort for windstorm and hail insurance in the seacoast territory." *Id.* The Legislature provided that TWIA shall: (1) function in such a manner as to not be a direct competitor in the private market; and (2) provide windstorm and hail insurance coverage to those who are unable to obtain that coverage in the private market. *Id.* Furthermore, the statute creating and governing TWIA and governing claims made against TWIA was intended to make windstorm insurance available in designated portions of Texas where the risk of hurricane is great. *See In re Tex. Windstorm Ass'n*, 121 S.W.3d 821, 823 (Tex. App.–Beaumont 2003, no pet.) (orig. proceeding). When the Legislature creates a statutory cause of action and remedy for its enforcement dealing with an administrative agency, such as TWIA, rather than by common law, the statutory provisions are mandatory and exclusive. *See Tex. Catastrophe Prop. Ins. Ass'n v. Council of Co-Owners of Saida II Towers Condo. Ass'n*, 706 S.W.2d 644, 645–46 (Tex. 1986), *abrogated on other grounds by Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000).

Section 2210.573(a) sets forth a clear and unambiguous one-year limitations period for when a claimant may file a claim with TWIA, subject to a 180–day discretionary extension from the commissioner of insurance. *See* TEX. INS. CODE ANN. § 2210.573(a); *see also id.* § 2210.250(b). Both policies in this case expressly reiterate these duties to HCS as conditions to the policies under the heading "Your Duties After Loss." Furthermore, nothing in the TWIA Act requires TWIA to show prejudice before denying coverage based on a claimant's untimely filed claim. Lastly, the TWIA Act states that "To the extent of any conflict between a provision of [the claims process under the TWIA Act] and any other law, the provision of [the TWIA Act] prevails." TEX. INS. CODE ANN. § 2210.579 (West, Westlaw through 2015 R.S.).

■ Therefore, construing the TWIA Act, we hold that TWIA may deny untimely-filed claims, regardless of whether TWIA was prejudiced by the untimely-filed claim. As a result, the trial court did not err in granting TWIA's motion for summary judgment and ordering that HCS take-nothing against TWIA because HCS untimely filed its claims by thirteen days and did not receive an extension from the commissioner of insurance. Further, whether TWIA was prejudiced by HCS's untimely filings is of no consequence to TWIA's decision to deny coverage based on the statutory scheme of TWIA and its claims process.

On a separate note, we acknowledge that this holding imposes "draconian consequences" for *de minimis* deviations by TWIA policyholders that the *PAJ* Court warned against in other types of insurance policies. Like the *PAJ* Court, we are disturbed by this outcome. However, we are bound by the statutory scheme in place for these types of claims, and today's consequences are best left for the body that created them: the Texas Legislature.

We overrule HCS's issue.

### III. CONCLUSION

We affirm the trial court's judgment.

