

# NUMBER 13-21-00167-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

STEPHEN PRUSKI,                                                          Appellant,

v.

TEXAS WINDSTORM
INSURANCE ASSOCIATION,                                           Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

# OPINION

### Before Justices Longoria, Silva, and Peña[1]
### Opinion by Justice Silva

---

[1] The Honorable Leticia Hinojosa, former Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2022. In accordance with the appellate rules, she was replaced on panel by Justice Lionel Aron Peña Jr.

Pro se appellant Stephen Pruski sued appellee Texas Windstorm Insurance Association (TWIA) complaining that appellee "improperly denied portions of [his] claim for damages from Hurricane Harvey." *See* TEX. INS. CODE ANN. §§ 2210.001–.705. TWIA filed a traditional motion for summary judgment, which the trial court granted. By four issues, Pruski argues that the trial court (1) "failed to meet requirements of [the] statute for [a] presiding judge," (2) denied Pruski "reasonable access to all information relevant" to the case, (3) improperly excluded Pruski's "evidentiary filings in opposition to statutory language," and (4) abused its discretion in granting TWIA's motion for summary judgment. We reverse and remand.

## I.    BACKGROUND

Pruski's condominium was damaged when Hurricane Harvey struck Corpus Christi in August 2017. Pruski's property was insured under a hail and windstorm policy with TWIA, and Pruski filed a claim with TWIA under the policy on August 28, 2017. Following another rainstorm which purportedly caused damage to recently repaired areas, Pruski filed an additional claim with TWIA on December 12, 2017. TWIA issued its notice accepting coverage in part for both claims. However, TWIA declined coverage for the reported damages to the drywall on the perimeter walls and ceilings. Pruski served TWIA with a timely notice of intent to sue and subsequently filed suit, seeking recovery for the damages denied by TWIA. *See id.* § 2210.575(a).

Pruski thereafter filed a motion for traditional summary judgment, which the trial court denied. Pruski then filed a motion for recusal, questioning the judge's impartiality under Texas Rules of Civil Procedure 18b. Pruski's motion additionally cited to

§ 2210.575(e) of the Texas Insurance Code as the "statute that is the genesis of this motion."[2] *See id.* § 2210.575(e) (setting forth requirements for the appointment of a judge over TWIA Act suits). A judge assigned by the regional administrative judge to consider Pruski's motion denied the motion. *See* TEX. R. CIV. P. 18a(g).

On March 10, 2021, TWIA filed a traditional summary judgment motion, arguing that "[a]s a matter of law, no coverage is owed" because Pruski's "insurance policy only covers personal property and certain personal property that becomes affixed to his condominium"—which does not include drywall composing perimeter walls. The trial court granted TWIA's motion for summary judgment and ordered that Pruski recover nothing from TWIA. This appeal followed.

## II.    DISCUSSION

By his first issue, which we find dispositive, *see* TEX. R. APP. P. 47.1, Pruski challenges the presiding judge's authority to preside over this TWIA suit because the judge was never appointed by the Judicial Panel on Multidistrict Litigation (MDL Panel) in accordance with § 2210.575(e) of the insurance code. *See* TEX. INS. CODE ANN. § 2210.575(e). This is an issue of first impression and one which requires us to analyze the Texas Windstorm Insurance Association Act (the TWIA Act) to determine whether § 2210.575(e) imposes a judicial exclusivity. *See* TEX. INS. CODE ANN. §§ 2210.001–.705; *see also* TEX. GOV'T CODE ANN. §§ 74.161–.164 (Court Administration Act, Subchapter H, "Judicial Panel on Multidistrict Litigation"); *see generally In re Tex. Windstorm Ins. Ass'n.*

---

[2] TWIA acknowledges in its brief that "[t]he real substance of Pruski's motion to recuse was that the presiding judge should have been appointed by the Judicial Panel on Multidistrict Litigation ([MDL Panel]), as contemplated in [§ 2210.]575(e) of the TWIA Act." *See* TEX. INS. CODE ANN. § 2210.575(e).

3

*Harvey Litig.*, No. 19-0472, at *1 (Tex. Jud. Pan. Mult. Lit. July 10, 2020) (per curiam) (acknowledging that the MDL Panel has not yet had the opportunity to address the assignment of judges in cases against TWIA under § 2210.575(e)).

## A.    Standard of Review

"As in any statutory interpretation case, our objective is to ascertain and give effect to the Legislature's intent." *Hegar v. Health Care Serv. Corp.*, 652 S.W.3d 39, 43 (Tex. 2022) (quoting *In re D.S.*, 602 S.W.3d 504, 514 (Tex. 2020)) (cleaned up). We review matters requiring statutory interpretation de novo, and we "enforce the plain meaning of statutory text, informed by its context." *Id.*; *City of Fort Worth v. Pridgen*, 653 S.W.3d 176, 183 (Tex. 2022) ("[W]hile we must necessarily construe key terms, we do so in the context of the statute as a whole, not in isolation.").

## B.    Applicable Law

In passing the TWIA Act, the legislature created a "quasi-governmental body" to "provide an adequate market for windstorm and hail insurance in the seacoast territory of this state." *Hous. & Cmty. Servs., Inc. v. Tex. Windstorm Ins. Ass'n*, 515 S.W.3d 906, n.1, 909 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) (quoting TEX. INS. CODE ANN. § 2210.001) (cleaned up). TWIA's organization, its operations, and all related matters are governed by Chapter 2210 of the Texas Insurance Code. TEX. INS. CODE ANN. § 2210.001. Under this chapter, an insured seeking to file a claim under a TWIA policy must do so within one year from the date the damage to property occurred. *Id.* § 2210.573(a). Within sixty days of receiving a claim, TWIA must notify the claimant that

it has either accepted coverage for the claim in full, accepted coverage for the claim in part and denied it in part, or denied coverage for the claim in full. *Id.* § 2210.573(d).

Following TWIA's denial of a claim, in whole or in part, the TWIA Act allows for the claimant to pursue litigation against TWIA. *Id.* §§ 2210.571–.582. Section 2210.575, entitled "Disputes Concerning Denied Coverage," sets forth a claimant's notice requirements for bringing suit. *Id.* § 2210.575(a). In actions brought pursuant to the TWIA Act, a claimant is limited to challenging (1) whether TWIA's denial of coverage was proper, and (2) the amount of damages to which the claimant is entitled. *Id.* § 2210.576(a). TWIA may then require the claimant to submit to alternative dispute resolution, and if that is unsuccessful, "the claimant may bring an action against [TWIA] in a district court in the county in which the loss that is the subject of the coverage denial occurred." *Id.* § 2210.575(b), (e).

In 2011, the legislature significantly amended the process for bringing claims against TWIA, adding, in relevant part, subsection (e) in its passage of House Bill 3. *See id.* § 2210.575(e); *see also Tex. Windstorm Ins. Ass'n v. Boys & Girls Club of Coastal Bend, Inc.*, No. 13-19-00429-CV, 2020 WL 6072624, at *2 (Tex. App.—Corpus Christi–Edinburg Sept. 24, 2020, pet. denied) (mem. op.) ("In 2011, the Texas Legislature passed House Bill No. 3, which made significant changes to Chapter 2210, including the addition of restrictions on policyholders' remedies and specific procedural requirements.") (cleaned up). It is language in § 2210.575(e) that the parties dispute the effect and consequence of: "An action brought under this subsection shall be presided over by a

5

judge appointed by the [MDL Panel] designated under [§] 74.161, Government Code."[3] TEX. INS. CODE ANN. § 2210.575(e).

The MDL Panel consists of five members designated by the Texas Supreme Court, and all actions by the MDL Panel require a concurrence from three of the five members. TEX. GOV'T CODE ANN. § 74.161(a), (b). The MDL Panel operates in accordance with the rules of practice and procedures adopted by the supreme court. *Id.* § 74.163(a); *see generally* TEX. GOV'T CODE ANN. § 74.021 ("The supreme court has supervisory and administrative control over the judicial branch and is responsible for the orderly and efficient administration of justice."). One such rule—Rule of Judicial Administration 13— was promulgated by the Texas Supreme Court in 2003, codified, and imposes a judicial exclusivity where applicable. TEX. GOV'T CODE ANN. §§ 74.024, 74.163(b); *see* TEX. R. JUD. ADMIN. 13.1(a), (b)(1); *cf.* TEX. CONST. art. V, § 11 ("[T]he District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law."); TEX. GOV'T CODE ANN. § 74.094(a); TEX. R. CIV. P. 330(h). Rule 13 sets forth the procedures necessary for the MDL Panel "to transfer 'related' cases (i.e.[,] cases involving common questions of fact) from different trial courts to a single pretrial judge." *In re Deepwater Horizon Incident Litig.*, 387 S.W.3d 127, 128

---

[3] Section 2210.575(e) further requires as follows:

A judge appointed under this section must be an active judge, as defined by [§] 74.041, Government Code, who is a resident of the county in which the loss that is the basis of the disputed denied coverage occurred or of a first tier coastal county or a second tier coastal county adjacent to the county in which that loss occurred.

*Id.* The TWIA Act defines first and second tier counties, and Nueces County is identified as a first tier county. *See id.* § 2210.003(4), (11).

(Tex. Jud. Pan. Mult. Lit. 2011). MDL Panel intervention under Rule 13 is predicated on the submission of a written motion addressed to the MDL Panel by a party or judge. TEX. R. JUD. ADMIN. 13.3. Provided that the motion adequately resolves every Rule 13-enumerated threshold, the MDL Panel will grant the request for transfer, and a judicial assignment will follow. *Id.* R. 13.6(a). The judge assigned by the MDL Panel "has exclusive jurisdiction" over the cause "unless a case is retransferred by the MDL Panel or is finally resolved or remanded to the trial court for trial." *Id.*; *see In re Farmers Ins. Co. Wind/Hail Storm Litig. 2*, 506 S.W.3d 803, 804 (Tex. Jud. Pan. Mult. Lit. 2016).

## C.    Analysis

The parties agree that this is a suit brought under the TWIA Act and that the MDL Panel did not appoint a judge in this case. *See* TEX. INS. CODE ANN. § 2210.575. Rather, the parties principally disagree with the import and effect of the language found in § 2210.575(e). TWIA urges this Court to conclude that however mandatory the language in § 2210.575(e) appears, it is still susceptible to waiver principles and not otherwise restrictive of a trial court's authority to preside over a § 2210.575 suit. *See generally Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 131–32 (Tex. 2018) (exploring provisions containing mandatory terms which do not carry a mandatory prescription); *see, e.g., Tex. Dep't of Pub. Safety v. Scanio*, 159 S.W.3d 712, 714 (Tex. App.—Corpus Christi–Edinburg 2004, pet. denied) (concluding a statute requiring that "the county judge *shall* transfer the case to a district court for the county on the motion of either party or of the judge" was a question of venue, and thus, waivable).

The first indication that § 2210.575(e) imposes an obligation is its use of "shall"—mandatory language: "An action brought under this subsection *shall* be presided over by a judge appointed by the [MDL Panel] designated under [§] 74.161, Government Code." TEX. INS. CODE ANN. § 2210.575(e) (emphasis added); *see Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1320 (2020); *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 392 (Tex. 2014) ("The Code Construction Act makes clear that the use of 'shall' normally imposes a mandatory requirement." (citing TEX. GOV'T CODE ANN. § 311.016(2))); *see also Shall*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "shall" as "a duty to"). Additionally, where—as here—a statute "distinguishes between 'may' and 'shall,' it is generally clear that 'shall' imposes a mandatory duty." *See Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 172 (2016); *compare* TEX. INS. CODE ANN. § 2210.575(b) ("[T]he association *may* require the claimant, as a prerequisite to filing the action against the association, to submit the dispute to alternative dispute resolution by mediation or moderated settlement conference.") (emphasis added), *with id.* § 2210.575(c) ("The association *must* request alternative dispute resolution of a dispute described by Subsection (b) not later than the 60th day after the date the association receives from the claimant notice of intent to bring an action.") (emphasis added). We further find persuasive that we have long held that statutory provisions pertaining to the creation of statutory causes of action and remedies against an administrative agency, such as TWIA, are mandatory and exclusive. *Hous. & Cmty. Servs., Inc.*, 515 S.W.3d at 909.

In our determination of whether to depart from the ubiquitous meaning of "shall"—specifically, to decide whether the Legislature's use of "shall" constituted a conferment of exclusive judicial authority—we are confronted with a glaring omission in the statute: Section 2210.575 contains no guidance regarding the procedure necessary to initiate MDL Panel assignment. *See generally* TEX. INS. CODE ANN. § 2210.575 (setting forth a claimant's notice requirements, establishing TWIA's right to seek alternative dispute resolution, and requiring a court to abate "an action against [TWIA] . . . until the notice of intent to bring an action has been provided and, if requested by the association, the dispute has been submitted to alternative dispute resolution, in accordance with this section"). In contrast to Rule 13.3 proceedings, which places the onus on a party or court to request MDL Panel-intervention *before* appointment is considered and ordered, § 2210.575 contains no such triggering provision. *Compare* TEX. R. JUD. ADMIN. 13.3 *with* TEX. INS. CODE ANN. § 2210.575(e). Section 2210.575(e) simply appears to necessitate—without instruction as to how it is to be effectuated or by whom—that the MDL Panel must appoint a judge in TWIA Act filings. *See* TEX. INS. CODE ANN. § 2210.575(e); *In re Tex. Windstorm Ins. Ass'n. Harvey Litig.*, No. 19-0472, at *1 (concluding that a "plain reading" of § 2210.575 requires that the MDL Panel appoint a judge in TWIA Act proceedings and explicitly "forecloses the assignment" of judges otherwise authorized to preside under Rule 13.6(a)). It is in partial consideration of this statutory silence that TWIA advances its interpretation of the provision as one akin to a venue challenge—i.e., waived if not timely asserted and otherwise unobstructive on a court's authority to preside over a cause or render judgment.

9

For reasons explored *infra*, it would be in contravention to the statute's objectives and legislative history for us to conclude that § 2210.575(e) does not carry a mandatory prescription. The legislature has broad authority to restrict a courts' jurisdictional purview, and legislative limitations to a trial court's judicial authority "need not be express." *S.C. v. M.B.*, 650 S.W.3d 428, 436 (Tex. 2022); *see, e.g.*, *In re Champion Indus. Sales, LLC*, 398 S.W.3d 812, 820–21 (Tex. App.—Corpus Christi–Edinburg 2012, orig. proceeding) (concluding, in an application of Rule 13.6 on a non-TWIA Act proceeding, that "although the 333rd District Court is a court of general jurisdiction by virtue of the statutes that created it, when the 333rd District Court is acting pursuant to the MDL panel's designation as a pretrial court under MDL rules and legislation, by reference to those rules, it is not a court of general jurisdiction"). Moreover, the presumption that courts of general jurisdiction have subject matter jurisdiction over a matter, unless a showing can be made to the contrary, "does not apply to actions grounded in statute rather than the common law." *In re Champion Indus. Sales*, 398 S.W.3d at 820. It is against this backdrop, that we analyze the history and purpose of § 2210.575. *See S.C.*, 650 S.W.3d at 436; *see also Hegar*, 652 S.W.3d at 43; *Hous. & Cmty. Servs., Inc.*, 515 S.W.3d at 909.

In 2008, in the aftermath of Hurricanes Dolly and Ike, TWIA received over 100,000 claims and experienced an estimated $2.9 billion in losses. Tex. Windstorm Ins. Ass'n, *Bi-Monthly Interim Report November/December 2012* (January 31, 2013), https://www.twia.org/wp-content/uploads/2015/03/Report-Card-Jan-31-2013-Final.pdf. A review of the Texas House Journal from the tenth day of the 82nd Legislature, First-Called Session reveals remarks by various state representatives concerning TWIA's claims

handling process and the resulting substantial litigation costs which ultimately led to TWIA

being placed under administrative oversight and the passage of House Bill 3 in 2011:

| SMITHEE: | . . . . [T]here is several things that are intended to ensure a consistency of result for policy holders, whether they have a lawyer, or don't have a lawyer, or who their lawyer might be. |
|---|---|

. . . .

| L TAYLOR: | We're changing the process with this bill so that people can get their claims handled more quickly and fairly. At the end of the day, our coastal policyholders will be much better taken care of than they were under Hurricane Ike— more efficient, quicker. We're going to save all TWIA policyholders from unnecessary premium increases. . . . |
|---|---|

. . . .

| MARTINEZ FISCHER: | . . . . it's also fair to say that some of the underhandedness that was taking place at TWIA was at the result of discovery and the civil litigation process that brought this information to light . . . . |
|---|---|

H.J. of Tex., 82nd Leg., 1st R.S. 500, 503, 505 (2011) (remarks by Representatives John

T. Smithee, Larry Taylor, and Trey Martinez Fisher).

Specifically, House Bill 3 "developed a new claims process for TWIA, including

limitations on when claim issues may be brought to suit and the extent of damages that

may be awarded in any lawsuit against TWIA." TEX. WINDSTORM INS. ASS'N, Bi-Annual

Report to the 84th Legislature, at 20 (December 30, 2014), https://www.twia.org/wp-

content/uploads/2015/03/TWIA_Biennial_Report_84th_Texas_Legislature.pdf. House

Bill 3 additionally limited the remedies available to the insured, making the Deceptive

11

Trades and Practices Act and insurance code chapters 541 (bad faith) and 542 (prompt pay act) inapplicable to TWIA claims. TEX. WINDSTORM INS. ASS'N, *TWIA Annual Report Card* (May 31, 2013), https://www.twia.org/wp-content/uploads/2015/03/Report-Card-Jan-31-2013-Final.pdf; *see* Michael S. Wilson, *A Procedure for Segregating Damages from Wind and Flood Water*, 16 TEX. TECH ADMIN. L.J. 141, 174 (2014) ("House Bill 3 significantly limited the ability to bring lawsuits against TWIA . . . .").

Given the expressed legislative intentions behind the 2011 TWIA Act amendments—namely, the implementation of greater restrictions on TWIA Act litigation and imposition of procedures ensuring more uniformity in claims resolutions—it stands to reason that the legislature intended to limit judicial authority in TWIA Act suits in its specific inclusion of § 2210.575(e). *See S.C.*, 650 S.W.3d at 436; *see also Hegar*, 652 S.W.3d at 43; *Hous. & Cmty. Servs., Inc.*, 515 S.W.3d at 909. To conclude otherwise would render the addition of § 2210.575(e) superfluous. *Cf. Off. of the Att'y Gen. of Tex. v. C.W.H.*, 531 S.W.3d 178, 183 (Tex. 2017) (concluding, where a statute required automatic case referral to a specialized associate judge, "[w]e assume that the Legislature believed that the efficiencies" of those specialized associate judges "outweigh[ed] any burden that appearing first before [such] associate judge may create in any particular case"). We therefore conclude § 2210.575(e) denotes mandatory action inconsistent with discretion. *See* TEX. INS. CODE ANN. § 2210.575; *cf. S.C.*, 650 S.W.3d at 436; *Hous. & Cmty. Servs., Inc.*, 515 S.W.3d at 909. Because nothing in § 2210.575 requires Pruski to have explicitly requested that the MDL Panel appoint a judge to initiate

12

the statute's assignment requirement, we reject TWIA's contention that Pruski's failure to timely file a request for appointment constituted a waiver of his complaint.

Having concluded such provision is mandatory and restrictive of a judge's authority to preside over TWIA Act suits, we must also conclude the presiding judge was without authority to render judgment in this cause. *See generally Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 74–75 (Tex. 2000) ("A judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action.") (cleaned up). The judgment is therefore void. *See In re D.S.*, 602 S.W.3d at 512 ("A judgment is void, rather than voidable, when it is apparent that the court rendering judgment had no jurisdiction over the parties or property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.") (cleaned up); *cf. Comm'n for Law. Discipline v. Schaefer*, 364 S.W.3d 831, 836 (Tex. 2012) (per curiam) ("[J]udgments of disqualified trial judges are void."). We sustain Pruski's first issue.

### III.   CONCLUSION

We reverse the trial court's judgment and remand with instructions to vacate and set aside the judgment and to conduct further proceedings consistent with this opinion. *See* TEX. R. APP. P. 43.2(d); *see, e.g.*, *San Patricio County v. Nueces County*, 492 S.W.3d 476, 488 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied) (reversing "the judgment of the trial court rendered on the merits of the case" and remanding "with instructions to vacate and set aside that judgment and to transfer the case" to the appropriate county).

13

CLARISSA SILVA
Justice

Delivered and filed on the
23rd day of February, 2023.