In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00173-CV
_____

**TEXAS WINDSTORM INSURANCE ASSOCIATION, Appellant**

**V.**

**KEVIN KELLY AND TIFFANY KELLY, Appellees**

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-203,415**

**OPINION**

The Court's opinion and judgment of September 21, 2023 are withdrawn and the following opinion is substituted in its place. Texas Windstorm Insurance Association's (TWIA) Motion for Partial Rehearing is denied.[1] This is a permissive interlocutory appeal from a "Summary Judgment Order With Permission to Appeal"

---

[1]In its motion for rehearing, TWIA requests that the Court revise or amend its Opinion to render a take-nothing summary judgment in TWIA's favor. However, we cannot render judgment because all the parties are not before the Court in this appeal.

1

(the Order), granting Plaintiffs'/Appellees' summary judgment and denying the TWIA Defendant's/Appellant's summary judgment. The Order included the following controlling questions of law: (1) whether section 2210.208 of the Texas Insurance Code requires TWIA to provide wind-driven rain coverage in its basic residential policy and prohibits the provision of wind-driven rain coverage through an endorsement; (2) whether TWIA's failure to provide such wind-driven rain coverage in its basic residential policy constitutes a breach of the common-law duty of good faith and fair dealing that is actionable against TWIA notwithstanding the prohibition of common-law claims against TWIA in Chapter 2210 of the Texas Insurance Code; and (3) whether TWIA's failure to provide wind-driven rain coverage in its basic residential policy constitutes an "unfair or deceptive act or practice" in violation of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA) that is actionable against TWIA notwithstanding the prohibition of DTPA claims against TWIA in Chapter 2210 of the Texas Insurance Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d); Tex. Ins. Code Ann. § 2210.028.

On appeal, TWIA argues that the trial court erred in granting Kevin Kelly's and Tiffany Kelly's (the Kellys) motion for summary judgment, and the trial court erred in denying TWIA's motion for summary judgment. In three appellate issues, TWIA argues: (1) the Kellys have no viable claims against TWIA under the Texas

Windstorm Insurance Act (the Act) because TWIA complied with the Act "by offering coverage for wind-driven rain damage through a commissioner-approved endorsement[,]" which the Kellys didn't purchase; (2) the Kellys' common law and DTPA claims, which resulted from TWIA's denial of the claim the Kellys submitted when their property was damaged by wind-driven rain, were barred by the Act; and (3) there was a fact issue precluding the granting of the Kellys' motion for summary judgment.

We hold that even though section 2210.208 of the Texas Insurance Code requires Windstorm and Hail Insurance policies issued by TWIA to include coverage for wind-driven rain, that coverage may be made available through an endorsement that requires the insured to pay an additional premium to the carrier to compensate the carrier for insuring against the additional risk of covering the property against the casualty of being damaged by wind-driven rain. Furthermore, we hold that since the Insurance Code limits a claimant's recovery to a remedy under their policy, the Act necessarily prohibits insureds, like the Kellys, from suing TWIA on claims alleging a breach of the duty of good faith and fair dealing and violating the DTPA

when the Legislature did not expressly authorize claimants to bring those types of claims against TWIA under the Act.[2] *See* Tex. Ins. Code Ann. § 2210.576.

We reverse the trial court's interlocutory Order granting summary judgment in favor of the Kellys, we reverse the trial court's interlocutory Order denying TWIA's summary judgment, and we instruct the trial court to grant summary judgment for TWIA that the Kellys take nothing. We remand this case back to the trial court for the entry of an order denying the Kellys' motion for summary judgment and the entry of an order granting TWIA's motion for summary judgment, which grants TWIA a take-nothing judgment against the Kellys on their claims.[3]

---

[2]In supplemental briefing, Appellees urge us to reverse and remand this case for assignment to a judge appointed by the judicial panel on multidistrict litigation. To support their argument, Appellees rely on *Pruski v. Tex. Windstorm Ins. Ass'n,* 667 S.W.3d 460, 464–67 (Tex. App.–Corpus Christi 2023, pet. filed), which held that a presiding judge who was not appointed to hear cases by the judicial panel of multidistrict litigation (MDL) did not have the power to grant summary judgment, and thus the judgment was void, even though the insured did not timely request appointment of an MDL judge. Opinions from our sister courts "are not binding on this Court." *Rhinoceros Ventures Grp., Inc. v. TransCanada Keystone Pipeline, L.P.,* 388 S.W.3d 405, 409 (Tex. App.—Beaumont 2012, pet. denied). Therefore, we decline to follow *Pruski* to the extent that *Pruski* could be interpreted to require appointment of a judge by an MDL panel under the circumstances that resulted in this appeal.

[3]At this time a summary judgment order granting TWIA a take-nothing judgment on the Kellys' claims would be interlocutory since the Kellys still have claims pending that are not resolved against Defendant "McFerrin Insurance Agency, Inc.," which is not a party to this appeal.

# BACKGROUND

Tiffany Kelly and Kevin Kelly live in Port Arthur, Texas. In 2017, the Kellys purchased a windstorm and hail insurance policy to cover their residential property from TWIA through their insurance agent, McFerrin Insurance Agency, Inc. The policy insures the property "against direct loss resulting from the perils of Windstorm and Hail only[.]" The policy specifically excluded the following loss to the covered property:

> 6. Rain. We do not cover loss or damage caused by or resulting from rain, whether driven by wind or not, unless direct force of wind or hail makes an opening in a roof or wall and rain enters through this opening and causes the damage.

The Kellys' home was damaged by Hurricane Harvey on or about August 29, 2017. On September 1, the Kellys filed a notice of claim with TWIA. The adjuster hired by TWIA completed a loss report that same month, finding both covered and non-covered damage. The adjuster made the following findings: (1) the Kellys' property sustained covered damage to the garage door tracks, (2) damage to the roof was not caused by wind or hail, and (3) water damage to the interior of the property did not result from a wind or hail created opening in the roof or walls, as required for coverage under the policy. TWIA issued a Notice of Claim Acceptance in Part and Denial in Part, accepting coverage for damage to the tracks on the detached garage but denying coverage from rainwater intrusion.

5

After TWIA denied that the policy it issued to the Kellys covered damage caused by the intrusion of the rain, the Kellys sued TWIA and McFerrin Insurance Agency for breach of the common law duty of good faith and fair dealing (i.e., "bad faith"), breach of contract, and violations of the DTPA. The Kellys complained that TWIA denied coverage for their interior water damage caused by wind-driven rain. The Kellys asserted that under Texas Insurance Code section 2210.208, every TWIA windstorm policy must contain wind-driven rain coverage. According to the Kellys' Original Petition, since they paid their insurance premiums, wind-driven rain damage must have been included under the policy they purchased from TWIA.

TWIA filed a combined no-evidence and traditional motion for summary judgment. In response, the Kellys filed a traditional cross-motion for summary judgment. Both motions rely on the language in Texas Insurance Code section 2210.208. That section, which is titled "Windstorm and Hail Insurance: Coverage for Certain Indirect Losses," provides:

> (a) Except as provided by Subsections (e) and (f), a windstorm and hail insurance policy issued by the association for a dwelling, as that term is defined by the department or a successor to the department, must include coverage for:
> (1) wind-driven rain damage, regardless of whether an opening is made by the wind;
> (2) loss of use; and
> (3) consequential losses.

6

(b)  A windstorm and hail insurance policy issued by the association for tenant contents of a dwelling or other residential building must include coverage for loss of use and consequential losses.

(c)  The coverage required under Subsection (a) or (b) must be made:

(1)  according to forms approved by the commissioner; and

(2)  for a premium paid by the insured based on rates established by commissioner rule.

(d) The association shall provide coverage under this section as directed by commissioner rule.

(e) The association is not required to offer coverage for indirect losses as provided by Subsection (a) or (b) unless that coverage was excluded from a companion policy in the voluntary market.

(f) The association is not required to provide coverage for:

(1) loss of use, if the loss is loss of rent or loss of rental value; or

(2) additional living expenses, if the insured property is a secondary or a nonprimary residence.

The parties' dispute centers on whether the "must include coverage for" clause is satisfied by TWIA offering their insureds the opportunity to purchase a Department of Insurance approved endorsement, which extends the basic coverage in TWIA's windstorm and hail policy to damages caused by wind-driven rain. In its motion, TWIA argued the mandatory requirement in section 2210.208 was satisfied because the Kellys had the opportunity to purchase a wind-driven rain endorsement to their policy, which they declined. On the other hand, the Kellys argued the statute requires wind-driven rain coverage to be included with every TWIA windstorm and hail policy.

According to TWIA, it discharged its statutory obligations to the Kellys by making wind-driven rain coverage available to them through the purchase of a 320

Endorsement, an endorsement that had been approved by the Commissioner of Insurance. More specifically, the 320 Endorsement contains a provision that states, "In consideration of an included additional premium, the policy is extended to provide the following coverages: … Wind-Driven Rain Coverage: We cover loss to the dwelling and personal property caused by wind-driven rain whether or not an opening is made in the dwelling by the direct force of wind or hail." The Kellys had the option to purchase the 320 Endorsement by paying an additional premium, but they failed to do so. Since the Kellys weren't covered for damages to their property caused by wind-driven rain, TWIA argued, TWIA acted properly in denying their claim. And because the statute limited claimants to whether TWIA's denial of coverage was proper and limited the damage to the losses payable under the policy, prejudgment interest and attorney's fees, the Kellys could not bring non-statutory claims alleging TWIA acted in bad faith or claim that TWIA had violated the DTPA. *See* Tex. Ins. Code Ann. §§ 2210.572, 2210.576.

After a hearing on the cross-motions for summary judgment, the trial court signed a "Summary Judgment Order With Permission to Appeal." The order granted the Kellys' motion for summary judgment and denied TWIA's motion for summary judgment. The trial court found that (1) the TWIA policy issued to the Kellys improperly and ineffectively omits coverage for wind-driven rain in violation of

section 2210.208, and (2) the Kellys have stated actionable claims against TWIA for breach of the duty of good faith and fair dealing and for violations of the DTPA based on TWIA's omission of coverage from such policy. After concluding that its order involved a controlling question of law on which there was a substantial ground for difference of opinion, the trial court granted TWIA permission to file an interlocutory permissive appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). In the exercise of our discretion, we accepted the appeal. *Id*. § 51.014(f); *see also* Tex. R. App. P. 28.3.

Again, in its Order, the trial court identified three controlling questions of law on which there are substantial grounds for difference of opinion:

- (1) whether section 2210.208 of the Texas Insurance Code requires TWIA to provide wind-driven rain coverage in its basic residential policy and prohibits the provision of wind-driven rain coverage through an endorsement;

- (2) whether TWIA's failure to provide such wind-driven rain coverage in its basic residential policy constitutes a breach of the common-law duty of good faith and fair dealing that is actionable against TWIA notwithstanding the prohibition of common-law claims against TWIA in Chapter 2210 of the Texas Insurance Code; and

9

- (3) whether TWIA's failure to provide wind-driven rain coverage in its basic residential policy constitutes an "unfair or deceptive act or practice" in violation of the DTPA that is actionable against TWIA notwithstanding the prohibition of DTPA claims against TWIA in Chapter 2210 of the Texas Insurance Code.

**STANDARD OF REVIEW**

"On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law." *Miles v. Tex. Cent. R.R. & Infrastructure, Inc.*, 647 S.W.3d 613, 619 (Tex. 2022) (quoting *City of Garland v. Dall. Morning News*, 22 S.W.3d 351, 356 (Tex. 2000)). When the trial court grants one motion and denies the other, as is the case here, we "'determine all questions presented'" and "'render the judgment that the trial court should have rendered.'" *Id.* (quoting *City of Garland*, 22 S.W.3d at 356).

We construe statutory language *de novo. Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389 (Tex. 2014). Our goal is to determine and give effect to the Legislature's intent. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012). We look to and rely on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results. *Crosstex*

10

*Energy Servs., L.P.*, 430 S.W.3d at 389-90. We read words and phrases in a statute "in context and construed according to the rules of grammar and common usage." Tex. Gov't Code Ann. § 311.011. We construe the language of a statute so that each part has meaning and no part is left out. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous."). We presume "the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). A court must take a statute as it finds it, and it must refrain from rewriting the Legislature's chosen text. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009); *Pedernal Energy, LLC v. Bruington Eng'g, LTD.*, 536 S.W.3d 487, 491-92 (Tex. 2017).

## ANALYSIS

In the trial court, the Kellys argued that the plain language of section 2210.208(a) obligated TWIA to issue windstorm and hail insurance policies that included coverage for damage caused by wind-driven rain. Specifically, they relied on the phrase "must include coverage" in the statute to support their argument that the Legislature mandated TWIA's policies include coverage for wind-driven rain.

11

TWIA, on the other hand, argued that the Kellys' interpretation of the statute erroneously focused only on subsection (a). TWIA points to subsection (c) of the statute, which it argued allowed TWIA to comply with the statute by offering to cover wind-driven rain through an endorsement on a form approved by the Texas Commissioner of Insurance, which is what the summary judgment evidence TWIA attached to its motion shows it did.

In TWIA's first issue, it argues that it complied with the Act by offering to cover losses caused by wind-driven rain through an endorsement to the basic windstorm and hail policy that it issued to the Kellys, an endorsement the Kellys did not obtain. To determine whether TWIA could comply with the Act by offering coverage through an endorsement rather than under the terms of its basic policy, we start with the plain language of the Act. Although the Act does not define "windstorm and hail insurance," it does define "Texas windstorm and hail insurance" as

> deductible insurance against: (A) direct loss to insurable property incurred as a result of windstorm or hail, as those terms are defined and limited in policies and forms approved by the department; and (B) indirect losses resulting from the direct loss.

*Id.* § 2210.003(13). "When used in a statute, the term "must" creates or recognizes a condition precedent." *Helena Chem. Co.*, 47 S.W.3d at 493; Tex. Gov't Code Ann. § 311.016(3). "While Texas courts have not interpreted 'must' as often as 'shall,'

both terms are generally recognized as mandatory, creating a duty or obligation." *Id.* (citing Tex. Gov't Code Ann. § 311.016(2), (3)) (other citations omitted). "The word 'must' is given a mandatory meaning when followed by a noncompliance penalty." *Id.* (citation omitted). "However, we have held language that appears to impose a mandatory duty to be only directory when this interpretation is most consistent with the Legislature's intent." *Id.* (citations omitted).

"To determine whether the Legislature intended a provision to be mandatory or directory, we consider the plain meaning of the words used, as well as the entire act, its nature and object, and the consequences that would follow from each construction." *Id.* at 494. "When a statute is silent about the consequences of noncompliance, we look to the statute's purpose to determine the proper consequences." *Id.*

The Kellys interpret section 2210.208(a)'s "must include clause" in a vacuum without considering how the other subsections within the same section of the statute affect the statute's intended meaning. *See* Tex. Ins. Code Ann. § 2210.208. For example, when read in context, the Kellys' interpretation of the "must include clause" would render other provisions in the statute meaningless. *See id.* For example, subsection (e) of the statute provides that TWIA "is not required to offer coverage for indirect losses as provided by Subsection (a) or (b) unless that coverage

13

was excluded from a companion policy in the voluntary market." *Id.* § 2210.208(e). Thus, the statute clearly provides circumstances under which indirect losses caused by wind-driven rain would not be covered under TWIA's former windstorm and hail policies.

Likewise, subsection (c) states that the coverage "required by Subsection (a) or (b) must be made: (1) according to forms approved by the commissioner; and (2) for a premium paid by the insured based on rates established by commissioner rule." Tex. Ins. Code Ann. § 2210.208(c). When reading subsections (a) and (c) of the statute together, they mean that an insured must pay a premium based on rates established by commissioner rule to obtain an endorsement to a policy that covers damage to the insured's property caused by wind-driven rain. *See id.* § 2210.208(a), (c). Importantly, the Legislature didn't specify that the coverage for wind-driven rain couldn't be offered to an insured through an endorsement applicable to the policy's basic terms. Finally, we note the Act imposes no non-compliance penalty on TWIA but instead allows it to comply with the statute by offering its insureds the opportunity to obtain an endorsement that covers damage caused by wind-driven rain by paying an additional premium approved by the commissioner when purchasing a windstorm and hail policy. This suggests the Legislature's intent was to create a market that required TWIA to offer insureds the opportunity to purchase

coverage for wind-driven rain, not that each policy's basic form language was required to include that coverage (which would have required all insureds to pay a premium commensurate with the risk) had such coverage been intended as mandatory. *Id.* § 2210.208(c); *see Helena Chem. Co.*, 47 S.W.3d at 494.

Our reading of the statute supports the policy that led to the enactment of the windstorm statute. The Texas Legislature passed the Act to provide "an adequate market for windstorm and hail insurance in the seacoast territory of this state." Tex. Ins. Code Ann. § 2210.001. When the Legislature created TWIA, it intended that TWIA "serve as a residual insurer of last resort for windstorm and hail insurance in the seacoast territory." *Id.* In carrying out its mission, the Legislature provided that TWIA "function in such a manner as to not be a direct competitor in the private market[,] and provide windstorm and hail insurance coverage to those who are unable to obtain that coverage in the private market." *Id.*

"Under well-established rules of statutory interpretation, we may not interpret one portion of a statute so as to render another portion of the statute meaningless." *Harris Cty. Appraisal Dist. v. Tex. Gas Transmission Corp.*, 105 S.W.3d 88, 98 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Interpreting Section 2210.208 as the Kellys propose – that every single policy sold by TWIA include wind-driven rain coverage, regardless of whether an opening is made by the wind – would ignore

15

both subsection (c) and subsection (e) of the statute, which gives the commissioner the ability to offer such coverage to insureds in certain circumstances and to determine how to issue such coverage. *See* Tex. Ins. Code Ann. § 2210.208(c), (e).

Accordingly, we hold that TWIA complied with the requirements of section 2210.208 by offering the Kellys the opportunity to obtain coverage for damage caused by wind-driven rain through the purchase of an endorsement that, if purchased, would have provided coverage for losses caused by wind-driven rain. We sustain TWIA's first issue.

In its second issue, TWIA argues that the Kellys do not have valid claims against it for allegedly breaching its duty of good faith or for violating the DTPA because their claims are limited by section 2210.576 of the Act to certain claims, a claim over whether TWIA's denial "was proper[,]" a claim to recover the amount of damages recoverable under the policy for the loss less the amount, if any, already paid, and a claim for prejudgment interest and attorney's fees. Tex. Ins. Code Ann. § 2210.576. In response, the Kellys argue that Chapter 2210 of the TWIA Act sets out the general remedy and the damages they may recover but does not limit them to the statutory claims listed in the Act.

We review statutory interpretation de novo and use the same principles of statutory interpretation we used in deciding issue one. *City of Rockwall v. Hughes,*

16

246 S.W.3d 621, 625 (Tex. 2008). In 2011, the Texas Legislature passed House Bill No. 3 ("H.B. 3"), which made significant changes to Chapter 2210, including the addition of restrictions on policyholders' remedies and specific procedural requirements. *See* Act of June 28, 2011, 82nd Leg., 1st C.S., ch. 2, § 41, 2011 Tex. Gen. Laws 5180, 5192–98 (current version at Tex. Ins. Code Ann. § 2210.572(a)); *Tex. Windstorm Ins. Ass'n v. Jones*, 512 S.W.3d 545, 549 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Section 2210.572(a) now provides the exclusive remedies for a claim against TWIA under the Act. *See* Tex. Ins. Code Ann. § 2210.572(a). Section 2210.14(a) provides that "[a] person may not bring a private action against [TWIA], including a claim against an agent or representative of [TWIA], under Chapter 541 [(unfair settlement practices)] or Chapter 542 [(prompt payment of claims)]." *See id*. § 2210.014(a). Section 2210.572(c) provides that "[TWIA], and an agent or representative of [TWIA], may not be held liable for damage under Chapter 17 of the Business & Commerce Code (the DTPA), or, except as otherwise provided specifically by this chapter, under any provision of any law providing for additional damages, punitive damages, or a penalty. *See id*. § 2210.572(c). Subject to Section 2210.576, TWIA "may not be held liable for any amount other than covered losses payable under the terms of the association policy." *Id*. § 2210.572(b).

When the Legislature creates a statutory cause of action and remedy for its enforcement dealing with an administrative agency, such as TWIA, rather than by common law, the statutory provisions are mandatory and exclusive. *See Tex. Catastrophe Prop. Ins. Ass'n v. Council of Co-Owners of Saida II Towers Condo Ass'n*, 706 S.W.2d 644, 645-46 (Tex. 1986), *abrogated on other grounds by Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000); *Housing & Cmty. Servs., Inc. v. Tex. Windstorm Ins. Ass'n*, 515 S.W.3d 906, 909 (Tex. App.—Corpus Christi, 2017, no pet.). Since section 2210.576 of the Act limits claimants to a claim over whether TWIA's denial was proper and limits claimants to claims that seek damages to covered losses under the policy (less the amount already paid), prejudgment interest, court costs, and reasonable and necessary attorney's fees, we agree with TWIA that the Kellys did not have causes of action for TWIA's alleged breach of its duty of good faith or for TWIA's alleged violations of the DTPA. We therefore sustain TWIA's second issue.

In its third issue, TWIA argues that there was a fact issue precluding the granting of the Kellys' summary judgment, because Section 2210.208(a) does not apply "unless the coverage was excluded from a companion policy in the voluntary market." *See id*. § 2210.208(e). However, having sustained issues one and two, the

18

third issue raised would not result in greater relief, so it is not necessary that we address it. Tex. R. App. P. 47.1.

## CONCLUSION

Having decided the controlling questions of law in TWIA's favor, we reverse the trial court's interlocutory Order granting summary judgment in favor of the Kellys, we reverse the trial court's interlocutory Order denying TWIA's summary judgment, and we instruct the trial court to grant summary judgment for TWIA that the Kellys take nothing. We remand this case back to the trial court for the entry of an order denying the Kellys' motion for summary judgment and the entry of an order granting TWIA's motion for summary judgment, which grants TWIA a take-nothing judgment against the Kellys on their claims.

REVERSED AND REMANDED.

W. SCOTT GOLEMON
Chief Justice

Submitted on November 4, 2022
Opinion Delivered October 19, 2023

Before Golemon, C.J., Horton and Wright, JJ.

19